UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALLIBURTON ENERGY SERVICES, INC.,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL VALDOVINOS,<br><br>Respondent. | Case No. 1:23-cv-00458-KES-CDB<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITIONER HALLIBURTON ENERGY SERVICES, INC.'S PETITION TO CONFIRM FINAL ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT<br><br>(Doc. 1)<br><br>ORDER DIRECTING PETITIONER TO EFFECT SERVICE ON RESPONDENT<br><br>**14-DAY DEADLINE** |

Pending before the Court is Petitioner Halliburton Energy Services, Inc.'s ("Petitioner") petition to confirm final arbitration award and for entry of judgment. (Doc. 1). Counsel for Petitioner attests that Respondent Michael Valdovinos ("Respondent") does not oppose confirmation of the arbitration award. (Doc. 11-1 at ¶ 3). In light of Petitioner's representations, the Undersigned recommends the Court confirm the arbitration award.

**Background**

Petitioner is a corporation incorporated within the state of Delaware and headquartered in Texas that provides products and services to the energy industry. (Doc. 1 at ¶¶ 2, 5). In 2018,

Respondent was hired by Petitioner.  (Docs. 1-3 at ¶ 4; 1-4 at 5).  Respondent was employed as a service operator assistant in Petitioner's cement department.  (Docs. 1 at ¶ 7; 1-4 at 5).  Respondent agreed to be bound by Petitioner's dispute resolution program ("DRP").  (Doc. 1 at ¶ 7).  The DRP requires that "[a]ll disputes not otherwise settled by the Parties shall be finally and conclusively resolved through arbitration" and "[e]ach dispute shall be arbitrated on an individual basis[.]"  (Docs. 1 at ¶ 7; 1-2 at 8).  The DRP states the Federal Arbitration Act ("FAA") "shall apply to this Plan, the Rules and any proceedings under the Plan or the Rules, including any actions to compel, enforce, vacate or confirm proceedings, awards orders of an arbitrator, or settlements under the Plan or the Rules."  (Docs. 1 at ¶ 7; 1-2 at 10).

On September 4, 2020, Respondent filed a demand for arbitration with the Judicial Arbitration and Mediations Services, Inc. ("JAMS").  (Docs. 1 at ¶ 8; 1-3).  Respondent raised the following claims against Petitioner in arbitration:

> (1) violations of California minimum wage, (2) violations of California overtime/double time, (3) damages and relief under California controlled standby law and/or report time law, (4) common counts for reasonable value of services, (5) violation of California Labor Code Section 226, (6) violation of California Labor Code Section 2802, (7) violation of California Labor Code Section 203 penalties, (8) violation of California Labor Code Section 558 penalties, (9) meal break violations, (10) rest break violations, and (11) violations of California Business and Professions Code.

(Docs. 1-3; 1-4 at 12).  JAMS appointed retired California Superior Court judge Terry B. Friedman as the arbitrator.  (Doc. 1 at ¶ 10).  At some point, Petitioner filed a motion for summary judgment and summary adjudication on all of Respondent's claims.  *Id*. at ¶ 11.  Judge Friedman granted Petitioner's motion for summary judgment in part, dismissed Respondent's meal and rest breaks claims, and otherwise denied the motion.  (Docs. 1 at ¶ 12; 1-4 at 4).

A plenary arbitration hearing on liability was held from March 7 through 11, 2022 via Zoom.  (Docs. 1 at ¶ 12; 1-4 at 4).  Based on the hearing, the parties' exhibits, testimony, and briefs, Judge Friedman issued an interim award on May 11, 2022, among other things, finding Petitioner to be the prevailing party on Respondent's first, fifth, and seventh through eleventh causes of action.  (Doc. 1-4 at 4).  On December 16, 2022, Judge Friedman issued a final award dismissing all of Petitioner's claims.  *Id*. at 24-25.

On March 24, 2023, Petitioner initiated this action with the filing of a petition for confirmation of final arbitration award and for entry of judgment. (Doc. 1). On April 11, 2023, Petitioner filed a certificate of service reflecting personal service of process on Respondent. (Doc. 6). Petitioner thereafter filed an unopposed motion to continue the scheduling conference on June 29, 2023. Doc. 11). In the unopposed motion, Petitioner noted that on June 15, 2023, Petitioner, acting through *pro hac vice* counsel, spoke with Respondent on the phone. *Id*. at 2. "[Respondent] stated that he does not oppose confirmation of the arbitration award [] and does not want to participate in the scheduling conference." *Id*. Respondent has not responded to the petition otherwise appeared and the time to do so has passed.

On February 23, 2024, the Honorable Chief Judge Kimberly J. Mueller referred this matter to the Undersigned for the preparation of findings and recommendations and/or other appropriate action. (Doc. 15).

**Subject Matter Jurisdiction**

As a preliminary matter, the Undersigned finds the Court has federal subject matter jurisdiction over this action.

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). The FAA is "something of an anomaly in the realm of federal legislation: It bestow[s] no federal jurisdiction but rather require[es] [for access to a federal forum] an independent jurisdictional basis over the parties' dispute. Given the substantive supremacy of the FAA, but the Act's nonjurisdictional cast, state courts have a prominent role to play as enforcers of agreements to arbitrate." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008)).

Petitioner alleges that the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Doc. 1 at ¶ 1). Under that statute, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Section 1332 requires complete diversity, i.e.,

that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

Petitioner is a corporation incorporated within the state of Delaware with its principal office and place of business being Harris County, Texas. (Doc. 1 at ¶ 2). Respondent is a resident and citizen of Kern County, California. *Id*. at ¶¶ 1, 3, 6. Petitioner alleges the amount in controversy is met because Respondent sought damages in excess of $75,000.00. *Id*. at ¶ 1. Accordingly, the Undersigned finds that the requirements under 28 U.S.C. § 1332 have been met.

**Default Judgment**

Although Petitioner could have sought entry of default and thereafter moved for default judgment against Respondent given Respondent's failure to answer the petition or otherwise appear, the Undersigned finds Petitioner's decision to seek relief outside of Rule 55, Fed. R. Civ. P., is not an impediment to confirming the arbitral award.   Under the FAA, "default judgments in the confirmation/vacatur [of arbitration] proceedings are generally inappropriate." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Instead, a reviewing court conducts a summary proceeding, "merely mak[ing] what is already a final arbitration award a judgment of the court." *Id.* at 110 (internal quotation marks and citations omitted). *Cf. Hanson v. Jim Bohn Co., Inc.*, No. CV 08-01218 SJO (PJWx), 2008 WL 11409131, at *1-3 (C.D. Cal. Aug. 12, 2008) (confirming arbitral award upon entry of default and petitioner's motion for default judgment).

**Legal Standard Governing Confirmation of Arbitral Awards**

The FAA provides that a court must confirm an arbitration award unless it is vacated, modified, or corrected as prescribed by the FAA. *See* 9 U.S.C. § 9 ("[T]he court must grant such an order unless the award is vacated modified, or corrected as prescribed in sections 10 and 11 of this title."); *Cent. Mont. Rail v. BNSF Ry. Co.*, 422 F. App'x 636, 637 (9th Cir. 2011) (citing *Hall St. Assocs., LLC*, 552 U.S. at 582). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., LLC*, 552 U.S. at 582.  Therefore, a federal court's review of arbitration awards is "both limited and highly deferential" and an arbitration award must be confirmed "unless it is 'completely irrational'" or "constitutes a manifest disregard of the law."

*French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (citations omitted). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994, 988 (9th Cir. 2003) (en banc); *see Bosack v. Soward*, 586 F.3d 1096, 1105 (9th Cir. 2009) ("Whether or not the panel's findings are supported by the evidence in the record is beyond the scope of [this Court's] review.").

**Discussion**

Respondent was served with the petition but declined to respond and has not provided any basis for granting relief under 9 U.S.C. §§ 10 and 11. (Doc. 6); *cf. Kyocera Corp.*, 341 F.3d at 1002-03; *see United States Life Ins. v. Sup. Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010) ("the burden of establishing grounds for vacating an arbitration award is on the party seeking to vacate the award"). In fact, the record indicates Respondent does not oppose confirmation of the arbitration award. (Doc. 11-1 at ¶ 3). The Undersigned finds Judge Friedman's decision is supported by the law and there is no basis to correct, modify, or vacate the final award. Accordingly, the Undersigned finds the Court "must grant" Petitioner's petition to confirm final arbitration award and for entry of judgment. (Doc. 1); *Hall St. Assocs., LLC*, 552 U.S. at 582, 587.

**Conclusion and Recommendations**

For the reasons discussed above, the Undersigned RECOMMENDS that:

1. Petitioner Halliburton Energy Service, Inc.'s petition to confirm final arbitration award and for entry of judgment be GRANTED;
2. The Final Arbitration Award in favor of Petitioner Halliburton Energy Service, Inc., and against Respondent Michael Valdovinos (Doc. 1-4), be confirmed in all respects; and
3. The Clerk of Court be directed to close this case.

The Undersigned DIRECTS Petitioner to promptly serve a copy of these findings and recommendations on Respondent at his last known address and to and to file proof of service thereafter.

    These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 8, 2024**

UNITED STATES MAGISTRATE JUDGE